Daniel M. Cislo, Esq., No. 125,378
Dennis Larson, Esq., No. 48,983
CISLO & THOMAS LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: (310) 451-0647
Facsimile: (310) 394-4477
Email: dan@cislo.com
dlarson@cislo.com

Attorneys for Plaintiff,
Homeland Housewares, LLC

Brian K. Brookey, Esq., No. 149,522
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, CA 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800
Email: brian.brookey@cph.com

Attorneys for Defendants,
J.C. Penney Company, Inc. and
J.C. Penney Corporation, Inc.

FILED
CLERK, U.S. DISTRICT COURT
JAN 7 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J.C. PENNEY COMPANY, INC., a Delaware corporation, J.C. PENNEY CORPORATION, INC., a Delaware corporation and DOES 1 through 9, inclusive.<br><br>Defendants. | Case No. CV 07-3683 SJO (VBKx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Referred to Magistrate Victor B. Kenton] |

The parties, Plaintiff HOMELAND HOUSEWARES, LLC and Defendant J. C. PENNEY CORPORATION, INC., having stipulated to an attached protective order and the Court having considered its provisions, the Court hereby approves the following protective order as follows:

## I. GOOD CAUSE STATEMENT

### A. Factual Background

The parties have both sold various blender products. Many of the parties' documents contain confidential business information such as financial records, customer lists, business plans, contractual agreements, and other, similar information that must necessarily be protected from disclosure to opposing parties and/or competitors in the market, so as to avoid competitive harm.

The threshold issues in the complaint center on plaintiff's alleged patent rights and trademark rights in its Magic Bullet® trademark and related marks and defendants' alleged purchase and sale of Amazing Bullet-marked blenders, and whether or not plaintiff's trademarks, trade dress and patents have been infringed upon and/or used wrongfully. Defendant's counterclaims also seek declaratory judgments of non-infringement and invalidity of Homeland's patents and declaratory judgment of non-infringement of Homeland's trademarks, trade dress and copyrights. Resolution of these issues and asserted defenses such as unclean hands and estoppel necessarily require evidence of first use dates, orders, sales, customer lists, sales or purchase data, advertising or marketing strategies, terms, information or data and channels of trade, to be disclosed, at minimum, to opposing counsel. The [Proposed] Protective Order is geared towards allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties.

## B. The Proposed Protective Order Focuses on the Protection of Commercially Sensitive Business Information

Federal Rule of Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a particular and specific need for the protective order. Gray v. Rodewald, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, *e.g.* confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. Hayden v. Siemens Medical Systems, Inc., 106 F.R.D. 551, 556, (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, *e.g.*, by designating certain classes or types of information. Id.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." Bayer AG and Miles Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

The parties' proposed protective order has been drafted specifically to protect the disclosure of each party's commercially sensitive sales information and confidential business information. Confidential information under this agreement is specifically

defined below. Such information, under the proposed protective order, may be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, and is open to challenge by either party, any third party, or the public.

### C. Conclusion

Based on the foregoing demonstration of good cause in support of the parties' [Proposed] Stipulated Protective Order, this Order should be granted by the Court to protect the parties' confidential business information.

### II. CONFIDENTIALITY AGREEMENT

1. In connection with discovery proceedings in this action, the parties may designate documents,[1] things, material, testimony or other information derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of this Protective Order (hereinafter "Order"). "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information is information which has not been made public, that the producing party has regularly treated in a confidential manner and which concerns or relates to:

---

[1] "Documents" as used herein includes any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex messages, records, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm, photographic film, surveys, forms printed, brochures or materials similar to any of the foregoing, however denominated, by whomever prepared, and whomever addressed.

(1) expenditures, reports, and sales relating to or arising from the purchase and sale of blenders and blender related materials; (2) identification of the sources of product and customers of and marketing affiliates for the parties; (3) confidential sales agreements, assignment agreements and license agreements of the parties; (4) confidential methods and processes for calculating profits and expenses; (5) advertising and marketing plans and strategies for the parties; and, (6) financial goals and economic and/or budget projections of the parties, the disclosure of which (the information contained in (1) through (6) above) would likely have the effect of causing harm to the competitive positions of the parties, and that qualifies for protection under Federal Rules of Civil Procedure 26(c).

2. "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," respectively. Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," unless otherwise indicated by the producing party. No item shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if it: was known to the receiving party without obligation of confidentiality to the producing party prior to disclosure by the producing party, as evidenced by the receiving party's written records; is subsequently disclosed to the receiving party by a third party having no obligation of confidentiality to the producing party with respect to such information; or, is published or becomes generally known to the public through means not constituting a breach of this Order.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by placing a statement to that effect on the record at the deposition or other proceeding. If such designation is made, that portion of the deposition will be taken with no one present except the court reporter and those persons who are authorized to have access to such information in accordance with this Order. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and to label such portions appropriately. To the extent "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials are used at a deposition, conference, hearing or trial, arrangements shall similarly be made so that such materials are separately bound and appropriately labeled by the court reporter.

4. Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. However, Plaintiff may use the identity of J.C. Penney's sources, and the number, price and dates of sales of accused products to J.C. Penney, including documents (provided Defendant's confidential business information may be redacted) and testimony of knowledgeable persons relating thereto, to enforce its rights or purported rights against any third party sellers/providers.

5. Material produced pursuant to this Order and designated as "CONFIDENTIAL" may be disclosed or made available only to the Court, to a party, in-house and outside counsel for party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    b. court reporter(s) employed in this action;

    c. any other person as to whom the parties in writing agree; and

    d. a witness at any deposition or other proceeding in this action at which testimony may be elicited, solely for purposes of eliciting such testimony.

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall not be disclosed to any person listed in paragraphs 5(a), 5(c) or 5(d) unless and until such person has executed Attachment A, or a declaration or affidavit substantially similar thereto. A copy of the signed non-disclosure agreement shall be retained in counsels' files.

6. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraphs 1 and 2 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to in-house or outside counsel for the parties (including the paralegal, clerical,

and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(a) through (d) above, but notwithstanding the foregoing, shall not be disclosed to the nondisclosing party, or to an officer, director or employee (including any general counsel) of the nondisclosing party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply. Attorneys' Eyes Only Material is extremely sensitive such as search engine advertising or marketing strategy, information or data, whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

7. Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials to Court Officials. Subject to the provisions of this section, designated material may be disclosed to the Court, Court officials, or their employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8. Any confidential material or information received during the course of this action, and any summaries, copies, abstracts, or other documents derived in whole or in part from such material or information, shall not be used except for the purposes of this litigation and related appeals, and shall not be disclosed or used by the nondisclosing party(ies) for any business, commercial, or competitive purpose whatsoever.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material as it deems appropriate.

10. The parties shall comply with the applicable procedures identified in Local Rule 79-5 (of the United States District Court - Central District of California) in connection with filing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material under seal. Nothing in this Protective Order provides any party with the automatic right to submit any information under seal. A party desiring to file under seal must request leave of Court to do so in compliance with Local Rule 79-5.

11. In the event that any "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. Counsel receiving documents designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall restrict the duplication or reproduction to only those documents reasonably necessary for the prosecution or defense of this action. Upon final resolution of this case, including all appeals, termination of this case, unless otherwise ordered by the Court, counsel for each party shall assemble all writings and recordings, as those terms are used in Federal Rules of Evidence, Rule 1001, which were produced by the other party and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and all writings and recordings which contain any such "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in whole or part. Each and every writing or recording that is "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or contains any such "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall be delivered to counsel for the disclosing party within 30 days after the termination of the case, or they shall be destroyed. Outside counsel may retain for their files one set of correspondence and court filings that are otherwise returned or destroyed.

15. Should any non-party discovery take place in this case, the parties and their counsel agree that the provisions of this protective order shall extend to such non-parties.

Date: 1-17-2008

_____
Hon. Victor B. Kenton
United States Magistrate Judge

T:\07-19416\WordPerfect Protective Order Agreed To.doc

# ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I have read and am fully familiar with the terms of the Stipulated Protective Order entered in HOMELAND HOUSEWARES, LLC v. J. C. PENNEY COMPANY, INC., United States District Court for the Central District of California, Civil Action No. CV 07-3683 SJO (VBKx) and hereby agree to comply with and be bound by all of the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

Signature: _____

_____
(Name)